IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUFFRED ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TRANS UNION, LLC ) <br> and ) <br> EXPERIAN INFORMATION ) <br> SOLUTIONS, INC. ) <br> and ) <br> EQUIFAX INFORMATION SERVICES LLC ) <br> and ) <br> KROLL D/B/A KEYPOINT GOVERNMENT ) <br> SOLUTIONS ) <br> and ) <br> LEXISNEXIS RISK SOLUTIONS FL, INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. |

SUZANNE BLENDA, Plaintiff, v. TRANS UNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC and KROLL D/B/A KEYPOINT GOVERNMENT SOLUTIONS and LEXISNEXIS RISK SOLUTIONS FL, INC., Defendants.

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff Suzanne Blenda is an adult individual who resides at 2516 Russell Avenue, Parma, Ohio 44134.

5. Defendant Trans Union, LLC (hereafter "Trans Union") is consumer reporting agency that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a consumer reporting agency that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

7. Defendant Equifax Information Services LLC (hereafter "Equifax") is a consumer reporting agency that regularly conducts business in Philadelphia County, Pennsylvania, and which has a place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

8. Defendant Kroll Factual Data d/b/a Keypoint Government Solutions ("Kroll") is a consumer reporting agency and a reseller of credit information which regularly conducts business in Philadelphia County, Pennsylvania, and which has a place of business located at 5200 Hahns Peak Drive, Loveland, Colorado 80538.

9. Defendant LexisNexis Risk Solutions FL, Inc. ("Lexis") is a business entity that provides background screening services, decisions-making intelligence, and operates as a consumer reporting agency and furnisher of credit information. Defendant regularly conducts business in Philadelphia County, Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, Pennsylvania 19103.

## IV.    Factual Allegations

10. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

11. More specifically, this inaccurate information is a tax lien reporting with a balance against the Plaintiff. This tax lien was filed in error and is "null and void" according to the relevant county court records. Thus, this lien should not be reporting at all, let alone as one that is open and with an unpaid balance.

12. The inaccurate information reporting on Plaintiff's credit reports is not directly derived from government records or court dockets. The original supplier of this inaccurate information to Trans Union, Experian and Equifax was Lexis, or Lexis' corporate predecessor. Defendant Lexis or its corporate predecessor obtains select information from court and government records, not the complete or actual public records, and then molds and fabricates that select information into the format which it sells to Trans Union, Equifax, Experian and other third parties to be placed upon consumer credit reports.

13. The actual docket relating to this tax lien at issue in this case includes the following entry: "Communication form Attorney General Richard Cordray: the above tax judgment is null and void please remove any and all reference to this account from your records."

14. Nevertheless, Trans Union is inaccurately reporting the non-existent tax lien with an unpaid balance on Plaintiff's Trans Union consumer credit report.

15. Additionally, Experian reported the tax lien as having an open balance on the Plaintiff's Experian consumer credit report.

16. Further, Equifax reported the tax lien with an unsatisfied balance on the Plaintiff's Equifax consumer credit report.

17. Kroll also reported inaccurate and inconsistent information on the Plaintiff's consumer credit report about the tax lien, including showing the lien with a balance. Kroll obtained the tax lien secondarily through Trans Union, Equifax and Experian and resold it, reporting the tax lien inconsistently and inaccurately three different ways, and also failed to report complete information about several other accounts allegedly relating to Plaintiff, including failing to identify the creditors' names.

18. Lexis continues to report inaccurate information, as it has not updated the select information that it compiles and sells about the Plaintiff with the "null and void" notation, and it instead continues to inaccurately report that the tax lien has an open balance through August 2010.

19. Plaintiff has disputed the inaccurate information with the Defendants and by following Defendants' established procedure for disputing consumer credit information, beginning in or around August 2010.

20. Additionally, in August 2010, the office of the Ohio Attorney General wrote to Defendants Equifax, Trans Union and Experian, to inform them that they were inaccurately reporting the tax lien on the Plaintiff's consumer credit reports. The Attorney General's Office also requested that the tax lien be removed from Plaintiff's credit reports.

21. Further, Lexis, as the original supplier and as a credit furnisher of this information, was advised of Plaintiff's disputes through Trans Union, Equifax, and Experian. Despite these disputes, Lexis failed to investigate and correct the inaccurate tax lien within 30 days as required by the FCRA. To the contrary, both Defendants Lexis and Trans Union

verified as purportedly accurate the null and void tax lien and left it on Plaintiff's credit reports, also reflecting an alleged balance. Upon a further dispute by Plaintiff, Trans Union failed to investigate it at all, called Plaintiff's further dispute frivolous, and continued to report it on her consumer report in the September 2010 timeframe.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a taxpayer and Plaintiff's credit worthiness.

23. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated and resold to various persons, both known and unknown.

24. Plaintiff applied for and has been denied employment as a Transportation Security Officer at the Cleveland airport on or about July of 2010, and the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports with Defendants, which was a substantial factor for the denial.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of a lost employment opportunity as a Transportation Security Officer.

26. As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of distress, humiliation, embarrassment, anxiety, and frustration, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

27. As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of injury to credit rating and reputation, and a decreased credit score, and Plaintiff will

continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for the FCRA and the rights of the Plaintiff herein.

### V.     Count One - Violations of the FCRA
### (Plaintiff v. Trans Union)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, Defendant Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

32. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

34. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Trans Union is liable to the Plaintiff for engaging in the following conduct:

    (a) willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b); and

(b)   willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i.

35.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VI.   Count Two - Violations of the FCRA
### (Plaintiff v. Experian, Equifax and Kroll)

36.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.   At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

38.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

39.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

40.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Experian, Equifax, and Kroll are liable to the Plaintiff for engaging in the following conduct:

(a)   willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b).

41.   The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the

Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VII.    Count Three – Violations of the FCRA
### (Plaintiff v. Lexis)

42.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.    At all times pertinent hereto, Lexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f), and also a "furnisher" of credit information.

44.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

45.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

46.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Lexis is liable to the Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i;

(b)    willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b); and

(c)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

47. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Lexis is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VIII. Jury Trial Demanded

48. Plaintiff demands trial by jury.

### IX. Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

 (a) Actual damages;

 (b) Statutory damages;

 (c) Punitive damages; and

 (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

     Respectfully submitted,

     **FRANCIS & MAILMAN, P.C.**

    BY: */s/ John Soumilas*
     JOHN SOUMILAS
     ERIN A. NOVAK
     Land Title Building, 19th Floor
     100 South Broad Street
     Philadelphia, PA 19110
     (215) 735-8600

Dated:  November 18, 2010    Attorneys for Plaintiff